UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------------x
Gershon Stein

                     Plaintiff,                                         Index No: 3:19-cv-1013



        -against-                                          Demand for Trial by Jury

Equifax Information Services, LLC;
Trans Union, LLC;
American Honda Finance Corporation;


                     Defendant(s).
-----------------------------------------------------------------------x


## COMPLAINT

       Plaintiff Gershon Stein ("Plaintiff"), by and through his attorneys, and as for his

Complaint against Defendant Equifax Information Services, LLC ("Equifax"), Defendant Trans

Union LLC ("Trans Union"),  and Defendant American Honda Finance Corporation ("Honda"),

respectfully sets forth, complains, and alleges, upon information and belief, the following:


## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15

     U.S.C. § 1681p *et seq.*

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the

     acts and transactions occurred here, Plaintiff resides here, and Defendant transacts

     business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Additionally, Plaintiff brings this action for damages arising from Defendant's violations of the Truth in Lending Act under 15 U.S.C. § 1601 *et seq,* commonly known as the Fair Credit Billing Act.

## **PARTIES**

5. Plaintiff is a resident of the State of Connecticut, County of New Haven, residing at 134 Blueridge ext., Waterbury, CT, 06704.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Connecticut, and may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 50 Weston Street, Hartford, CT, 06120.

8. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Trans Union, LLC. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Trans Union is a Delaware corporation registered to do business in the State of Connecticut, and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 50 Weston Street, Hartford, CT, 06120.

11. At all times material here to Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

12. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

13. Defendant American Honda Finance Corporation is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at for service c/o CT Corporation at 67 Burnside Ave, East Hartford, CT, 06108.


## FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

Equifax Dispute and Violation

15. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his Honda car loan.

16. The inaccurate information furnished by Defendant Honda and published by Defendant Equifax is inaccurate since it contains multiple 30-day late payment notations for months in which the Plaintiff was making timely payments, and Honda was not properly crediting his account.

17. Defendant Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

18. Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting, on or around July 11, 2018 specifically stating in a letter that he was disputing the late payments on this account and explaining in detail Honda's billing and processing error.

19. It is believed and therefore averred that Defendant Equifax notified Defendant Honda of Plaintiff's dispute.

20. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Honda failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

21. Furthermore, Honda failed to mark the account as disputed despite receiving notice of the Plaintiff's dispute.

22. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Equifax did not evaluate or consider any

of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

23. Notwithstanding Plaintiff's efforts, Defendant Equifax sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

24. As of the date of the filing of the filing of this Complaint, Defendant Honda continues to furnish credit data which is inaccurate and materially misleading, and Defendant Equifax's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

25. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

26. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

<u>Trans Union Dispute and Violation</u>

27. On information and belief, on a date better known to Defendant Trans Union, Trans Union prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his Honda car loan.

28. The inaccurate information furnished by Defendant Honda and published by Defendant Trans Union is inaccurate since it contains multiple 30-day late payment notations for months in which the Plaintiff was making timely payments, and Honda was not properly crediting his account.

29. Defendant Trans Union has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

30. Plaintiff notified Trans Union that he disputed the accuracy of the information Trans Union was reporting, on or around July 11, 2018 specifically stating in a letter that he was not late for those months in question, and never was 30 days late on a payment, explaining in detail Honda's billing and processing error.

31. It is believed and therefore averred that Defendant Trans Union notified Defendant Honda of Plaintiff's dispute.

32. Upon receipt of the dispute of the account from the Plaintiff by Trans Union, Honda failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, and failed to mark the account as disputed.

33. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Trans Union did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

34. As of the date of the filing of the filing of this Complaint, Defendant Honda continues to furnish credit data which is inaccurate and materially misleading, and Defendant Trans Union's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

35. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

36. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

<u>Fair Credit Billing Violation</u>

37. On information and belief, on a date better known to Defendant Honda and Plaintiff entered into a car loan agreement.

38. Plaintiff had been receiving a monthly bill form Honda and paying promptly every month.

39. Honda without warning to the Plaintiff began to process the payments but not properly apply them to his account.

40. Upon being informed of this error Defendant Honda applied the payments to the account but failed to update the false late payment notations on the Plaintiff's credit report.

41. The failure to take these steps led directly to Plaintiff having damaged credit score.

**FIRST CAUSE OF ACTION**

**(Willful Violation of the FCRA as to Trans Union)**

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

43. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

44. Trans Union violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

45. Trans Union has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

46. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

47. The conduct, action and inaction of Trans Union was willful rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

48. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Gershon Stein, an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Trans Union)

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

50. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

51. Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and

conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

52. Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

53. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

54. The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

55. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Gershon Stein, an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

57. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

58. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

59. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)  The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

60. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

61. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

62. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Gershon Stein, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

64. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

65. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

66. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)  The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

67. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

68. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

69. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Gershon Stein, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant Honda)

70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

71. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

72. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

73. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

74. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

75. The Defendant Honda violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all

relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

76. Specifically, the Defendant Honda continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the late payment notations being listed for months that he had paid.

77. Additionally, the Defendant Honda failed to mark the account as disputed, despite being required to do so.

78. As a result of the conduct, action and inaction of the Defendant Honda, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

79. The conduct, action and inaction of Defendant Honda was willful, rendering Defendant Honda liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

80. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Honda in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Gershon Stein, an individual, demands judgment in his favor against Defendant Honda for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant Honda)

81. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

82. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

83. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

84. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

85. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

86. Defendant Honda is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

87. After receiving the Dispute Notices from Trans Union, and Equifax, Defendant Honda negligently failed to conduct its reinvestigation in good faith.

88. A reasonable investigation would require a furnisher such as Defendant Honda to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

89. The conduct, action and inaction of Defendant Honda was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

90. As a result of the conduct, action and inaction of the Defendant Honda, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

91. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Honda in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Gershon Stein, an individual, demands judgment in his favor against Defendant Honda, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## <u>SEVENTH CAUSE OF ACTION</u>

### (Violation of the Fair Credit Billing Act as to Defendant Honda)

92. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

93. Defendant Honda did not properly apply the Plaintiff's timely payments to his account causing his payments to appear in default.

94. Defendant Honda actions caused Plaintiff actual damages.

95. Furthermore, Defendant's actions were part of an ongoing pattern or practice of failure to comply with its obligations under the Fair Credit Billing Act.

96. By Failing to comply with the Fair Credit Billing Act, Defendant Honda is subject to liability pursuant to 15 U.S.C. § 1640.

WHEREFORE, Plaintiff, Gershon Stein, an individual, demands judgment in his favor against Defendant Honda, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1640.

## DEMAND FOR TRIAL BY JURY

97. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  June 27, 2019

/s/ Yaakov Saks
CT Bar No. CT30021
**Stein Saks, PLLC**
By:  Yaakov Saks
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 101